JANET M. HEROLD
Regional Solicitor
ANDREW SCHULTZ
Wage and Hour Counsel
BORIS ORLOV
Senior Trial Attorney
CHARLES SONG
Senior Trial Attorney
NATASHA MAGNESS (Wa. Bar No. 55920)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa Street, Suite 370
Los Angeles, CA 90071-1202
Telephone: (213) 894 1592
Fax: (213) 894-2064
Email: *magness.natasha.a@dol.gov*

*Attorneys for Plaintiff Acting Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MILTON AL STEWART,<br>   ACTING SECRETARY OF LABOR,[1]<br>   United States Department of Labor,<br><br>                Plaintiff,<br>      v.<br>GLOBAL ONE LOGISTICS, INC.; YARIV VERTHEIM; and ARIK VERTHEIM;<br><br>              Defendants. | Case No. 5:18-CV-00418-JGB-SHKx<br><br>**CONSENT JUDGMENT AND ORDER** |

---

[1] Milton Al Stewart was assigned to be the Acting Secretary of Labor effective January 20, 2021. Pursuant to Federal Rule of Civil Procedure 25(d) the caption has been changed to reflect this assignment.

Plaintiff Acting Secretary of Labor ("Secretary") and Defendants Global One Logistics, Inc., Yariv Vertheim and Arik Vertheim (collectively "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment for violations of the Fair Labor Standards Act ("FLSA").

The parties agree and stipulate as follows:

1. The Secretary filed a Complaint alleging that Defendants violated 29 U.S.C. §§ 207, 211(c), 215(a)(2) and (5);

2. Defendants acknowledge service of the Secretary's Complaint, the accompanying summons, and the Complaint.

3. Defendants are represented by counsel, who have appeared in this action, and have answered the First Amended Complaint.

4. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action. Defendants further admit that venue lies in the district court for the Central District of California;

5. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to entry of this Judgment in settlement of this action, without further contest;

6. Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction or in conjunction with Defendants have notice of, and understand, the provisions of this Consent Judgment and Order;

7. Defendants admit that at all relevant times, they operated warehouse facilities in Ontario California; that this business provided distribution services for customers throughout the United States, and were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A);

8. Defendants admit that at all relevant times they were employers of their employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d);

9. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment and Order, threatening any employee for accepting monies due under this Consent Judgment and Order, or threatening any

employee for exercising any of his or her rights under or related to the FLSA is specifically prohibited and may subject Defendants to additional liability including civil contempt;

10. Defendants shall not attempt, in any way, to coerce their employees into accepting straight time pay for hours over forty in a workweek – this includes, but is not limited to, coercing employees into signing waivers of their FLSA rights or contracts purportedly agreeing to artificially low hourly rates;

12. Defendants understand that if they fail to pay the amounts due under this Judgment, or if they fail to pay the minimum wage and overtime required by the FLSA, or if they demand or accept any of the funds due employees under this Judgment, or retaliate against any employee for exercising any of their rights under the FLSA, they may be subject to additional court action by the Secretary, including an action for contempt of court, and may be subject to additional injunctive relief and penalties.

## JUDGMENT AND ORDER

13. It is therefore, upon motion of the attorneys for the Secretary, and for cause shown, HEREBY ORDERED, ADJUDGED, AND DECREED that under Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, including but not limited to family members or friends in active concert or participation with Defendants or family members or friends acting on their behalf or at their direction, are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

14. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), pay any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, less than time and one half the employees' regular rate for hours worked in excess of 40 hours in a workweek.  Defendants shall not attempt, in any way, to coerce their employees into accepting straight time pay for hours over forty in a workweek;

15. Defendants shall not, contrary to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), fail to make, keep, and preserve accurate records of the wages, hours, and other working conditions and practices of each and every employee who performs any work for Defendants. To this end, for all employees, Defendants shall maintain a time system that accurately records all hours worked by employees, including the computation of all hours worked in a day and any overtime hours.

16. Defendants shall provide the following information in English and Spanish, in bold, in at least 12 point font to their employees with their paystub every month for twenty-four (24) months from the date Defendants execute this Consent Judgment:

> **Under federal law, your employer must pay you 1.5 times your regular rate when you work more than forty hours per week. If you have questions about your pay, you may contact the U.S. Department of Labor at 626-966-0478. Your employer cannot retaliate against you for contacting the Department of Labor**.

17. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), take any action to deter employees from asserting their rights under the FLSA or interfere with any Department of Labor investigation of wage or other violations. This means that Defendants shall not coerce, intimidate, threaten, discipline, terminate, or reduce the wages of any employees whom they believe have reported complaints or provided information to the Department of Labor, or attempt to deter complaints made, or communications to, the Department of Labor. Defendants also shall not instruct or ask their employees to provide false information to the Department of Labor concerning the terms and conditions of their employment, including but not limited to hours or days worked;

18. Within thirty (30) calendar days of the date that Defendants execute this Consent Judgment and Order, Defendants shall provide each of their current employees with a copy of the Notice of Rights, as set forth in the attached **Exhibit A**, which summarizes in English and Spanish the terms of this Consent Judgment and Order and provides guidance from the U.S. Department of Labor regarding employees' rights under the FLSA;

19. Within thirty (30) calendar days of the date that Defendants sign this Consent Judgment and Order, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

a. Defendants shall send a copy of **Exhibit A** to all employees by immediate means, such as slack or text message;

b. Defendants shall provide a copy of **Exhibit A** with the first paycheck for the first pay period following entry of this Consent Judgment and Order to all current employees; and

c. For a period of eighteen (18) months after signing the Consent Judgment and Order, Defendants shall provide a copy of **Exhibit A** to all newly hired employees on or before the date when the employee begins performing work for Defendants.

d. Defendants shall include **Exhibit A** in all handbooks, policies, and trainings related to pay, hours worked, clocking in and clocking out, time cards, and breaks.

20. Within ten (10) calendar days of the date that Defendants execute this Consent Judgment and Order, Defendants shall display up-to-date U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA in a prominent location at Defendants' work site (for example, near the facility's time clock). Copies of these posters are available for download and printing at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm;

21. Within three (3) months of the date that Defendants sign this Consent Judgment and on an at least an annual basis for the following two (2) years, Defendants must conduct a training session for all individuals performing work for Defendants. Defendants may request that Wage and Hour Division representatives conduct the training. Individual Defendants shall also be present at said training, which shall be compensable time for which employees shall receive pay. Topics to be covered during the training shall include, but are not limited to: minimum wage, overtime, and recordkeeping provisions of the FLSA. If conducted by Wage and Hour representatives, said training may be followed by a confidential question and answer session between Wage and Hour representatives and Defendants' employees, during which time Defendants are not present ("Q&A Session"). The Q&A Session shall also be compensable time for which employees shall receive pay. Upon completion, Defendants shall certify satisfaction of this provision to the Secretary's counsel.

22. On at least an annual basis for the following three (3) years of the date that Defendants sign this Consent Judgment, Defendants shall hire an independent third-party to conduct training for supervisors as to the requirements of the FLSA. The training shall be for one session of not less than

one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements, and the FLSA's requirements for classifying workers properly as employees as opposed to independent contractors.  All supervisors and employees who determine employees' pay or schedules or who prepare payroll shall attend this training.  Defendants shall maintain documentation of these trainings for a period of three (3) years and shall provide it to representatives of the Secretary of Labor upon request. The documentation must include without limitation a list of attendees (with their signatures), the content of the training, including any materials used, distributed or referenced during the training, and the date, time and location of the training. This provision shall be in effect for a period of three (3) years from the date of entry of this Judgment by the Court.

23.     IT IS ORDERED, ADJUDGED and DECREED that Defendants, jointly and severally, shall not withhold payment of $60,000 which represents the backwages hereby found due in unpaid overtime to Defendants' employees in **Exhibit B,** for Defendants' FLSA violations for the time periods stated in the Exhibit B.

24.     IT IS FURTHER ORDERED and ADJUDGED that the Plaintiff shall also have and recover from the Defendants, jointly and severally, the additional amount of $60,000 (constituting 100 percent of the back wages that so became due and unpaid in each instance) as and for liquidated damages hereby found to be due under the FLSA.

25.     IT IS FURTHER ORDERED and ADJUDGED that Defendants, jointly and severally, shall pay to the Department of Labor the additional amount of $2,000 which represents the civil money penalties which have been assessed and finally determined for Defendants' FLSA willful violations for the time periods stated in the Exhibit B.

26.     To accomplish the requirements of Paragraphs 28 - 30, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 100 North Barranca Street, Suite 850 West Covina, CA  91791-1638 the following:

    a.  Pursuant to the below schedule, Defendants shall pay the full amount of back wages due under this Consent Judgment and Order by delivering six separate cashier's checks or money orders, each in the amount indicated below, made payable to "Wage & Hour

Div., Labor." Checks shall be allocated to back wages, which Defendants shall indicate by writing "Global One-BWs" in the subject line. The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the back wage amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies. Defendants are responsible for the employer portion of employment taxes on the back wages hereby found due.

    b. The schedule for payment of the full amount of back wages shall be as follows:

        i. September 15, 2021 - $10,054
        ii. October 15, 2021 - $10,054
        iii. November 15, 2021 - $10,054
        iv. December 15, 2021 - $10,054
        v. January 15, 2022 - $10,054
        vi. February 15, 2022 - $10,054

    c. Pursuant to the below schedule, Defendants shall pay the full amount of liquidated damages due under this Consent Judgment and Order by delivering five separate cashier's checks or money orders, each in the amount indicated below, made payable to "Wage & Hour Div., Labor." Checks shall be allocated to back wages, which Defendants shall indicate by writing "Global One-LDs" in the subject line, The schedule for payment of the full amount of liquidated wages shall be as follows:

        i. April 15, 2021 - $20,000
        ii. May 15, 2021 - $10,054
        iii. June 15, 2021 - $10,054
        iv. July 15, 2021 - $10,054
        v. August 15, 2021 - $10,054

    c. On or before January 15, 2022, Defendants shall issue a cashier's check totaling $2,000 made out to: "Wage and Hour Div., Labor," with "Global One, CMPs" written in the memo line.

27. In the event of any default in the timely making of any payment required by this Consent Judgment, the full amount of the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the

monetary amounts due under this Consent Judgment are paid in full, shall become immediately due to the U.S. Department of Labor. Furthermore, Defendants will be subject to administrative charges to cover debt collection of the unpaid balance and will accrue interest on the remaining unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of entry of this judgment until the total amount is paid in full. For the purposes of this paragraph, a "default" is deemed to occur if payment is not received by Wage and Hour within five (5) calendar days of the due date.

28. Defendants, their agents, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, including but not limited to family members or friends in active concert or participation with Defendants or family members or friends acting on their behalf or at their direction, shall not:

   a. Request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to employees under the provisions of this Consent Judgment and Order or the FLSA;

   b. Accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages paid to employees under the provisions of this Consent Judgment and Order or the FLSA; or

   c. Discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any employee because he or she has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment and Order or the FLSA.

29. FURTHER, JUDGMENT IS HEREBY ENTERED, in favor of the Secretary as a judgment owed to the United States of America and against Defendants, jointly and severally, in the total amount of $122,000.00, which includes the $60,000.00 in unpaid overtime compensation referenced above to Defendants' present and former employees who are identified in Exhibit B, plus an additional equal amount of $60,000.00 as statutorily authorized liquidated damages ("Liquidated Damages") to the employees identified in Exhibit B, and $2,000.00 in civil money penalties.

30. The Secretary shall distribute the amounts due to the employees identified in the attached Exhibit B, or if necessary to the employees' estates, in his sole discretion. Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of a payment, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

31. IT IS FURTHER ORDERED THAT within 30 calendar days of the entry of this Consent Judgment, Defendants shall take the following additional steps to help ensure future compliance with the FLSA as follows:

   a. Implement a reliable timekeeping system for each employee to record his or her own daily start and stop times, such as a mobile application or weekly timecard system. Defendants shall not use pay sheets or job vouchers to record employee work hours. The reliable timekeeping system must ensure that each employee uses the system to accurately record the time the employee (i) begins work each day by clocking in as soon as the employee enters the worksite and/or premises; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by clocking out at the beginning of the meal period; (iii) ends any uninterrupted work-free meal period of 30 minutes or more by clocking in at the end of the uninterrupted work-free meal period; (iv) ends any work-interrupted meal period by clocking back in; and (v) ends work each day by clocking out just before the employee leaves the worksite and/or the employer's premises.

   b. Not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee unless an employee voluntarily requests in writing to correct a genuine error or pursuant to a bona fide dispute regarding an employee's time records. Should the latter occur, there must be a written record of the disputed hours according to both employee and employer and the reason for the dispute, accompanied by the signature of both parties. Such records will be kept for a period of 3 years from the day of the request or dispute;

   c. Not encourage or pressure workers to under-report hours worked;

    d. Not create false records by requiring workers to clock out for lunch breaks they did not take. This applies to all shifts;

    e. For each workweek, sum the time indicated on the time records recorded by each employee to identify the time worked each day and each workweek.

    f. For each pay period, prepare a statement of hours and wages for each employee ("Pay Period Summary"). The Pay Period Summary shall provide all information required under California Labor Code Section 226(a), including: (1) the employee's gross wages earned, (2) total hours worked, (3) all deductions, (4) net wages, (5) the inclusive dates of the period for which the employee is paid, (6) all applicable hourly rates in effect during the pay period, and (7) the corresponding number of hours worked at each hourly rate.

    g. For a period of not less than one year following entry of this Judgment, have each individual review his or her Pay Period Summary, write in corrections if necessary, and sign the Pay Period Summary. Immediately upon issuance and for three (3) years thereafter, Defendants shall maintain copies of all Pay Period Summaries for inspection by the U.S. Department of Labor at any time and by any of Defendants' employees at any time. Defendants shall post in a prominent location a notice alerting employees that they have the right to inspect their Time Records and Pay Period Summaries at any time without prior request ("Inspection Notice").

32. Defendants shall instruct employees to record all time that is compensable work time pursuant to the FLSA and the Secretary's regulations, including time that employees spend loading and unloading materials at Defendants' warehouse, traveling between jobsites, and time spent waiting to receive goods at job sites. Defendants shall not deduct time for meal periods unless employees are free and clear of duty during the entire meal period.

33. In workweeks when employees work more than 40 hours per week, Defendants shall pay such employees an overtime premium equal to one half the employee's regular rate for each hour of work above forty per workweek. Defendants shall compute the employee's regular rate pursuant to 29 C.F.R. § 778.110 and § 778.111.

34. Defendants shall maintain accurate records of the full wages paid to each employee on their payroll records. Defendants shall not pay wages to employees through non-payroll accounts or in cash. Defendants' records must also show the basis on which wages are paid.

35. Each pay period, Defendants shall prepare an Earnings Statement for each employee. The Earnings Statement shall provide all of the following information:

    a. gross wages paid to the employee each workweek;

    b. total hours worked each workweek;

    c. a list of itemized deductions;

    d. all deductions from employees' pay;

    e. net wages earned;

    f. the inclusive start and stop dates of the pay period;

    g. the employee's name and employee identification number;

    h. the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate;

    i. total straight-time wages paid; and

    j. total overtime wages paid.

36. Defendants shall preserve all time records, payroll records, and Earnings Statements, general ledger entries, and supporting documents for general ledger entries for a period of no less than three years.

37. No less than once per quarter, at the discretion of the Wage and Hour Division, U.S. Department of Labor (WHD), Defendants shall allow WHD to access, inspect, and copy all payroll records, timekeeping records, and Earnings Statements pertaining to Defendants' employees, and all general ledger entries and supporting documents maintained by Defendants.

38. IT IS FURTHER ORDERED that each party shall bear its own fees and expenses incurred by the party in connection with any stage of this proceeding to date, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

39. IT IS FURTHER ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under

FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit B nor as to any employee named on the attached Exhibit B for any period not specified therein.

40.  IT IS FURTHER ORDERED that the parties to the Complaint and their officers, owners, agents, or directors, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, shall comply with the terms of this Consent Judgment and Order.

41.  Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Wage and Hour Division.

42.  IT IS FURTHER ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

Dated this 22nd day of April, 2021

_____
UNITED STATES DISTRICT JUDGE JESUS G. BERNAL

_____
YARIV VERTHEIM
Individually and as managing agent
for Defendant Global One Logistics

Dated: 3/29/21

_____
ARIK VERTHEIM
Individually and as managing agent
for Defendant Global One Logistics

Dated: 3/30/21

JANET M. HEROLD
Regional Solicitor

ANDREW SCHULTZ
Counsel for Wage and Hour

BORIS ORLOV
Senior Trial Attorney

/s/Charles Song
CHARLES SONG
Senior Trial Attorney

Attorneys for Plaintiff Secretary of Labor

Dated: 3/29/21

Approved as to Form,

/s/ Kevin Erwin
KEVIN ERWIN
Attorney for Defendants Global One Logistics, Yariv Vertheim and Arik Vertheim

Dated: 3/30/21

# EXHIBIT A
## NOTICIA LEGAL A TODOS LOS EMPLEADOS

Para resolver una demanda presentada por el Departamento de Trabajo, el Tribunal Distrito de los Estados Unidos emitió una Orden prohibiendo Global One Logistics, Yariv Vertheim y Arik Vertheim de violar los requisitos de las horas del sobre tiempo, las provisiones de investigación, y las provisiones contra la represalia de La Ley De Normas Justas De Trabajo ("FLSA"). Todos los empleados que trabajan en este establecimiento pueden ayudar al empleador a no violar la Orden del Tribunal.

**Si usted piensa que no le están pagando de acuerdo con la ley, llame al Sección de Horas y Sueldos del Departamento de Trabajo de los Estados Unidos a 626-966-0478 y su nombre se mantendrá confidencial.**

En resolución con el Departamento de Trabajo, Global One Logistics, Yariv Vertheim y Arik Vertheim han voluntariamente quedado de acuerdo de pagar salarios atrasados y daños liquidados provisto en este juicio y tomar otros pasos para asegurar complimiento con la Ley de Normas Justas de Trabajo.

La Ley De Norma Justas De Trabajo exige que todos los empleados deban ser pagados el sueldo mínimo por todas las horas trabajadas. Además, los empleados deban ser pagados el sobretiempo, a tiempo y medio de su tasa del pago regular, por todas las horas trabajadas en exceso de 40 en una semana laboral. Su derecho de recibir pago de sobretiempo basado en su sueldo regular no puede ser renunciado al firmar un contrato para trabajar por sueldo mínimo.

La Ley De Normas Justas De Trabajo prohibido represalias contra cualquier empleado que se queja de su pago o horas de trabajo. El Tribunal ha prohibido los dueños de Global One Logistics, Yariv Vertheim, Arik Vertheim y cualquier persona que actué en nombre del empleador de tomar represalias contra, amenazando con tomar represalias en contra, intimidar, o el intento de influir o de cualquier manera amenazar los empleados o ex empleados of Global One Logistics en cualquier forma de proporcionar información al Departamento de Trabajo o quejándose de sus horas o pago.

Estos son ejemplos de pago ilegal y legal.

Empleado A gana $420 por semana y trabaja 70 horas en una semana:

$420 + 70 horas = $6.00 por hora o por debajo del salario mínimo federal requerido.

Para ser pagado legalmente, se debe pagar al Empleado A:

$7.25(salario mínimo federal) x 40 horas= $290.00

$725 x 1.5 = tarifa por hora de $10.87

$10.87 x 30 horas extras= $326.10 por el sobretiempo de horas en una semana

**Pago total: $290.00 por las primeras 40 horas y $326.10 por 30 sobretiempo de horas en una semana = $616.10**

# LEGAL NOTICE TO ALL EMPLOYEES

To resolve a lawsuit brought by the **Department of Labor**, the United States District Court entered an Order forbidding Global One Logistics, Yariv Vertheim, and Arik Vertheim from violating the overtime and recordkeeping requirements of the Fair Labor Standards Act. All employees who work in this establishment can help the employer not to violate the Court's Order.

**If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at 626-966-0478 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

In a settlement with the United States Department of Labor, Global One Logistics, Yariv Vertheim, and Arik Vertheim have voluntarily agreed to pay back wages and liquidated damages provided for in this judgment and to take other steps to ensure compliance with the Fair Labor Standards Act ("FLSA"). The **FLSA** provides that all employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. Your right to overtime at your actual hourly rate cannot be waived by signing a contract to work for minimum wage.

The FLSA prohibits retaliation against any employees who complain about their pay or work hours or cooperate with the Department of Labor. The Court has prohibited Yariv Vertheim, Arik Vertheim, and anyone acting on their behalf from retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening the employees or former employees of Global One Logistics in any way for providing information to the Department of Labor or complaining about their hours or pay.

Here are examples of illegal and legal pay.

Employee A makes $420 per week total and works 70 hours in a week:

$420 ÷ 70 hours = $6.00 per hour or below the required minimum wage.

To be paid legally, Employee A must be paid:

$7.25(minimum wage) x 40 hours= $290.00

$725 x 1.5 = $10.87 overtime hourly rate

$10.87 x 30 overtime hours= $326.10 for overtime hours

**Total pay: $290.00 for the first 40 hours and $326.10 for 30 overtime hours = $616.10**